## BLACK *vs.* BLACK.

1. Upon a bill filed by a wife against her husband, to secure to her a
part of her separate property alleged to be in his possession, an injunction
was issued to restrain the husband from in any wise disposing of the prop-
erty until the right of the wife should be determined.

Black *v.* Black.

2. An order directing the husband to deliver the property to the wife, or appointing a receiver to take the property, was, under the circumstances, refused.

3. Without special circumstances demanding the intervention of equity, a married woman is not entitled to its aid to enable her to obtain possession of her property withheld from her by her husband.

4. Equity will not lend its aid to the causeless disruption of family relations, or countenance unjustifiable disregard of the obligations of the marriage contract. They, therefore, who come into this court for relief, in such cases, must not only come with clean hands, but must show a reason valid in conscience, as well as a legal right for the assistance which they seek.

Bill for relief.

*Mr. S. D. Dillaye,* for complainant.

*Mr. G. S. Cannon* and *Mr. J. Wilson,* for defendant.

THE CHANCELLOR.

This suit is brought by a wife against her husband, to secure to her a part of her separate property alleged to be in his possession. A large part of the property in question was money expended by her in improvements upon his farm in Burlington county ; some, as she alleges, was money loaned by her to him, and some was money belonging to her which was received by him without her consent, and applied to his use ; some was money expended by her for the use of the family and for his personal use ; and some of the property is household furniture, part of which was a gift from her father ; and the rest was, as she says, purchased and paid for by her. Her claim to the aid of this court in the premises, is based on the allegation that her husband has, by his cruelty, driven her from his house. On the filing of the bill an injunction was issued to secure the subject of the controversy. The husband has answered, denying the charges against him in the bill. As to part of the furniture, the answer does not deny the statement of the bill as to the wife's title to it. A

motion is now made for an order directing the husband to deliver this property to the wife; or, if the court shall be unwilling to make such order, that a receiver may be appointed to take the property into his possession. The grounds on which the equity of the bill is based having been wholly denied by the answer, and the injunction being adequate to the preservation of the property to answer the decree of this court, if the court shall determine that the complainant is entitled to relief in regard to it, this motion must necessarily be based on the broad ground, that a married woman is, without regard to circumstances, entitled to the aid of equity to obtain possession of her property when it is withheld from her by her husband; and, further, that if she chooses to abandon her husband's house, though she may be actuated by caprice merely, or even by a worse motive, she has, by virtue of her legal right alone, a claim upon a court of equity to its aid in obtaining possession of that property, even though it be household furniture which, up to the time of her departure, was in the joint use of her husband and herself in their household, and is still in his possession, in the use of the family. A decent regard for the interests of society would forbid the court from entertaining such a proposition. Equity will not lend its aid to the causeless disruption of family relations, or countenance the unjustifiable disregard of the obligations of the marriage contract. They, therefore, who come into this court for relief in such cases, must not only come with clean hands, but must show a reason valid in conscience, as well as a legal right, for the assistance which they seek. In the present case, the grounds of equitable relief are denied by the answer, and it is necessary to await the proof before the merits of the controversy can be determined. The power of the court is ample to preserve, in the hands of the husband, the property in question, until a conclusion shall be reached as to the right of the complainant to the aid which she has invoked. Besides, it was alleged by the defendant's counsel on the argument, that it was supposed, until the reading of the answer in court disclosed the omission, that the answer alleged

that the defendant contributed of his own money to the purchase of the property in question, and, on discovering the omission, they asked leave either to amend the answer in that respect, or to present proof by affidavit, that the defendant contributed to the purchase of the property. Moreover, the answer alleges that, when the complainant left her husband's house, she repeatedly declared that she had no claims of any kind or nature, whatever, against him.

The motion will be denied, in both of its aspects.